IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIM LIECH,<br><br>                Petitioner,<br><br>vs.<br><br>SCOTT FRAKES,<br><br>                Respondent. | 8:20CV356<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on preliminary review of Petitioner Kim Liech's Petition for Writ of Habeas Corpus (Filing 1) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

CLAIM ONE: Custody in violation of the 4th and 14th Amendments to the U.S. Constitution, constituting a constitutional violation and jurisdictional defect. On March 31, 2015, Petitioner was arrested without a warrant on suspicion of 1st degree assault and use of weapon to commit a felony without establishing probable cause. Petitioner was held on a warrantless arrest without an independent judicial determination of probable cause within 48 hours. The complaint did not establish probable cause and was not signed under oath before a magistrate. The complaint was not filed with probable cause established at the initial appearance in order to give the court jurisdiction to detain Petitioner.

CLAIM TWO: Prosecution denied Petitioner his right to due process under the 14th Amendment of the U.S. Constitution. Prosecution failed to disclose fabricated statements which claimed Petitioner confessed to leaving the weapon used in the assault at a co-defendant's residence and implicated himself as the shooter in said assault.

CLAIM THREE: Counsel violated Petitioner's right to assistance of counsel for his defense under the 6th Amendment of the U.S. Constitution. Petitioner stated to his counsel Ernest Addison Jr. his friend Manuel Kueth was willing to testify on behalf of his alibi that he was with him between the hours the assault occurred, and counsel failed to investigate.

CLAIM FOUR: Counsel violated Petitioner's right to assistance of counsel under the 6th Amendment of the U.S. Constitution. During the plea-bargaining stage, the state failed to release discovery material exculpatory to Petitioner's defense, denying counsel full and fair meaningful adversarial testing during a critical stage.

CLAIM FIVE: Petitioner was denied assistance of counsel and due process under the 6th and 14th Amendments of the U.S. Constitution. Trial counsel failed to discover and object to false statements in search warrant affidavit used to obtain a firearm, used in Petitioner's case.

CLAIM SIX: Petitioner was denied effective counsel and due process under the 6th and 14th Amendments of the U.S. Constitution. Trial counsel failed to discover and object to *Brady* violations where false statements were used and excluded from Petitioner's discovery materials.

CLAIM SEVEN: Petitioner was denied effective counsel and due process under the 6th and 14th Amendments of the U.S. Constitution. Appellant counsel failed to raise ineffective assistance of counsel on direct appeal when there were sufficient facts to do so.

CLAIM EIGHT: Nebraska Court of Appeals erred in denying Petitioner's direct appeal in violation of Petitioner's 14th Amendment of the U.S. Constitution. The Nebraska Court of Appeals made an unreasonable determination of the facts presented when there was not sufficient evidence to support the appellant could not be rehabilitated in Juvenile Court.

CLAIM NINE: Petitioner asserts Nebraska Court of Appeals erred in denying the direct appeal of Petitioner on grounds of excessive sentence

under the 8th and 14th Amendments of the U.S. Constitution. The Nebraska Court of Appeals erred in its determination Petitioner was not excessively sentenced. Petitioner was sentenced to 25-50 years on first degree assault and 5-15 years on use of a firearm to commit a felony, ran consecutively. Petitioner was 17 years of age doing the alleged crime and 18 during sentencing and under current sentence would not be eligible for parole until 2032.

The court determines that these claims, when liberally construed, are potentially cognizable in federal court.[1] However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (Filing 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

---

[1] Petitioner asserts a tenth claim: "CLAIM TEN: Actual innocence of the crime of 1st degree assault. The sole evidence against Petitioner to sustain a conviction was the victim's testimony at deposition claiming Petitioner was the assailant in the crime against him with a firearm. Before the deposition and also within it, there is evidence of reports claiming the victim did not know who shot him. That was never presented to the judge. There is also evidence the judge/jury was never presented fabricated police reports created by investigation officers where Petitioner allegedly confessed to shooting the victim. Also, that Petitioner directed officers to the location of the weapon used in the assault. Had the judge or jury been presented this evidence, no reasonable judge or jury would have found Petitioner guilty of the assault. See Exhibit A, Depositions 1-36; Exhibit B, Police Report." "Actual innocence" is not a stand-alone federal claim but may be a gateway to avoid procedural default. Accordingly, the tenth claim will not be considered as a claim but rather an excuse to avoid procedural default, if otherwise appropriate.

2. By **October 26, 2020**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **October 26, 2020**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in

opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A. By **October 26, 2020,** Respondent must file all state court records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the

merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **November 24, 2020**: check for Respondent's answer and separate brief.

6

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 9th day of September, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge