IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIM LIECH, | |
| Petitioner, | 8:20CV356 |
| vs. | |
| SCOTT FRAKES, | MEMORANDUM AND ORDER |
| Respondent. | |

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition will be denied because it is out of time and that is true despite the spurious claims of tolling.

*Background*

Petitioner was very young when he shot and crippled someone. On April 29, 2015, Liech was charged by information with first degree assault, a Class II felony, and use of a deadly weapon to commit a felony, a Class IC felony. (Filing 23-3 at CM/ECF pp. 2-3.) Liech pled not guilty (*id.* at CM/ECF p. 4), and filed several motions, including a motion to transfer the case to juvenile court (filed on June 26, 2015), motion for discovery (filed on August 21, 2015), motion for depositions (filed on August 21, 2015), and a motion to suppress statements Liech made to law enforcement on March 31, 2015 (filed on August 21, 2015). *See* District Court of Douglas County Case No. CR15-1108.

Instead of proceeding with his motions including his motion to suppress, on November 18, 2015, Liech pled no contest to the two counts charged in the information in exchange for no additional charges being filed against him. (Filing 37-1 at CM/ECF pp. 5-9.) The factual basis given by the State established that on March 31, 2015, Liech and Tyrus Harris made an arrangement to meet up with each

other that evening at 38th and Boyd Streets to potentially engage in a fist fight involving an incident that had occurred at North High School earlier that day. (*Id.* at CM/ECF pp. 7-8, 10.) Harris arrived with three friends at the location and stepped out of his vehicle. (*Id.* at CM/ECF p. 10.) Liech arrived in a separate vehicle, produced a firearm, and fired multiple times towards Harris, striking him at least twice. (*Id.* at CM/ECF pp. 10-11.) Harris sustained injuries to his spinal cord and will live the rest of his life in a wheelchair. (*Id.* at CM/ECF p. 11.) Liech fled the scene after firing the shots. (*Id.*) According to Chuil Makuach and Chuol Mutthiang, Liech hid the firearm and some of his clothing at Mutthiang's house. (*Id.*) The firearm was eventually recovered by law enforcement. (Id. at CM/ECF p. 12.)

Liech did not object to the above factual basis. (Id. at CM/ECF p. 12.) At sentencing, Liech informed the court that he would like to take responsibility for his actions and hold himself accountable. (*Id.* at CM/ECF pp. 22-23.) Liech also apologized to Harris and Harris' family. (*Id.* at CM/ECF p. 23.)

*Facts*

I find the undisputed material facts[1] for purposes of summary judgment to be these:

1. On November 18, 2015, in the District Court of Douglas County, Nebraska, Petitioner Kim Liech pled no contest to two felonies: first degree assault and use of a deadly weapon to commit a felony. (Filing 23-3 at CM/ECF p. 7.)

---

[1] As I noted in filing 31, I also take judicial notice of all state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the Justice site. To the extent Petitioner objects, his objection is denied.

2. The state district court subsequently sentenced Liech to consecutive prison sentences of 25 to 50 years for first degree assault and 5 to 15 years for use of a deadly weapon to commit a felony. (Id. at CM/ECF p. 9.)

3. Liech filed a direct appeal, and on December 9, 2016, the Nebraska Court of Appeals affirmed Liech's convictions and sentences by sustaining the State's motion for summary affirmance. (Filing 23-1 at CM/ECF p. 4.) Liech did not file a petition for further review. (*Id.*) The time began to run therefore on January 9, 2017. *See* Neb. Rev. Stat. § 25-2221.

4. On October 10, 2019, Liech filed a motion for postconviction relief in the state district court. (Filing 23-4 at CM/ECF p. 2.) On November 14, 2019, the state district court filed a written order denying postconviction relief without an evidentiary hearing. (*Id.* at CM/ECF pp. 13-15.)

5. Liech appealed, but the Nebraska Court of Appeals dismissed his appeal for lack of jurisdiction because he did not timely pay a docket fee or timely file a poverty affidavit. (Filing 23-2 at CM/ECF p. 3.) Liech did not file a petition for further review. (*Id.*) The mandate was issued on February 18, 2020. (*Id.*)

6. Liech's habeas petition was filed with this Court on September 2, 2020. (Filing 1.)

***Law***

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations on petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d) states:

>(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Since Petitioner did not file a state post-conviction action until 2019 and the federal statute began to run against him in January of 2017, he missed the federal filing deadline because the late state post-conviction action does not serve to toll the federal filing. He asserts various reasons for excusing his tardy filing, but none are availing.

Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006); *see also Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 534 U.S. 863 (2001).

4

The Eighth Circuit has reiterated, with respect to equitable tolling of the deadline for § 2254 petitions, "that '[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (citation omitted). I take that instruction seriously.

Petitioner complains that the affidavit for a search warrant contained a misrepresentation that he had confessed. He claims he first learned of this misrepresentation when he spoke to a codefendant in April of 2019 at the prison. But that affidavit appears to have been available to Petitioner and his counsel during the initial criminal proceedings. Even if I assume the doubtful proposition that Petitioner was ignorant and that was somehow the fault of defense counsel that is not enough. *See, e.g.*, *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (no equitable tolling due to confusion about the law, court-appointed counsel's miscalculation, or petitioner's alleged mental incapacity). Indeed, ordinary ineffective assistance of counsel claims simply do not provide a basis for equitable tolling. *See, e.g.*, *Muhammad v. United States*, 735 F.3d 812, 816 (8th Cir. 2013) (denying equitable tolling and stating that an attorney's negligence or mistake as opposed to serious misconduct is not generally an extraordinary circumstance that could equitably toll one-year statute of limitations).

Besides, Petitioner <u>before</u> proceeding with his motion to suppress entered a no-contest plea and admitted his culpability. And, still further, Petitioner has not shown due diligence in discovering the facts he now relies upon to excuse his default.

Petitioner also complains that he was unable to access a notary public through the law library and implies Nebraska placed an impediment before him and that justifies leniency. *See* 28 U.S.C. § 2244(d)(1)(B). Even if that is true, his complaint occurs long after the federal statute of limitations had run out in January of 2017. So, he could not have been prejudiced even if his allegation is true.

5

Petitioner seems to suggest that he is (meaning factually) innocent. His statements during the plea proceeding affirmatively rebut such a claim.

In short, whether discussed herein or not, I have examined all the excuses submitted by Petitioner. None of them are enough to save him from his tardy filing.

Finally, Petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for granting certificates of appealability (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and I have determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that this case is dismissed with prejudice. The motion for summary judgment (filing 22) is granted. The objection (filing 27) is denied. No certificate of appealability has been or will be issued. I will enter judgment by a separate document.

Dated this 21st day of December, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge